# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# COLUMBUS DIVISION

DONALD ROBINSON,       :
                       :
    Plaintiff,        :
                       :
v.                     :      CASE NO. 4:11-CV-02-CDL-MSH
                       :      42 U.S.C. § 1983
UNITED STATES OF AMERICA,  :
                       :
    Defendants.       :
_____

## ORDER GRANTING *IN FORMA PAUPERIS* MOTION AND RECOMMENDATION OF DISMISSAL

Plaintiff Robinson, presently an inmate at Stewart Detention Center in Lumpkin, Georgia, filed the instant action pursuant to 42 U.S.C. § 1983. His Complaint is before the Court for preliminary review under 28 U.S.C. § 1915A. Additionally, Plaintiff's motion to proceed *in forma pauperis* (ECF No. 2.) and motion for appointment of counsel (ECF No. 3) are presently pending before the Court. For the reasons discussed below, Plaintiff's motion to proceed *in forma pauperis* ("IFP") is granted. However, Plaintiff's motion for appointment of counsel is denied, and the Court recommends dismissal of Plaintiff's Complaint for failure to state a claim upon which relief may be granted.

## BACKGROUND

Plaintiff Robinson is currently being held at Stewart Detention Center in Lumpkin, Georgia. He generally claims that he is being illegally held at Stewart, and seeks "immediate release" and damages in the amount of $250,000. (Compl. 5-7, ECF No. 1.) Specifically, Plaintiff claims that he is complaining about events that occurred in Oakdale, Louisiana, on

March 25, 1987. (Compl. 5.) However, Plaintiff fails to state what incident took place on that date or how such event(s) violated 42 U.S.C. § 1983. Instead, Plaintiff states that he was born in the United States Virgin Islands; that he was formerly detained by Immigration and Customs Enforcement ("ICE"), but was released for lack of evidence; and that he is currently improperly detained because ICE does not have his birth record. (Compl. 5-7.)

## DISCUSSION

I.  **Plaintiff's Motion to Proceed IFP**

Along with his Complaint, Plaintiff filed a motion for leave to proceed without prepayment of the filing fee or security therefor pursuant to 28 U.S.C. § 1915(a). As it appears that Plaintiff is unable to pay the cost of commencing this action, Plaintiff's application to proceed *in forma pauperis* is hereby **GRANTED**.

However, even if a prisoner is allowed to proceed *in forma pauperis*, he must nevertheless pay the full amount of the $350.00 filing fee. 28 U.S.C. § 1915(b)(1). If sufficient assets are not in the account, the court must assess an initial partial filing fee based on the assets available. Despite this requirement, a prisoner may not be prohibited from bringing a civil action because he has no assets and no means by which to pay the initial partial filing fee. 28 U.S.C. § 1915(b)(4). Plaintiff must pay 20% per month of his prison account until the $350.00 filing fee is paid in full.

In accordance with provisions of the Prison Litigation Reform Act ("PLRA"), the warden of the institution wherein Plaintiff is incarcerated, or the sheriff of any county wherein he is held in custody, and any successor custodians, shall each month cause to be

remitted to the Clerk of this court twenty percent (20%) per month of Plaintiff's prison account until the $350.00 filing fee is paid in full, provided the amount in the account exceeds $10.00.

## II. Plaintiff's Motion for Appointment of Counsel

Plaintiff is additionally seeking appointment of counsel in this civil action. Pursuant to 28 U.S.C. § 1915(e)(1), "[a] district court has discretionary authority . . . to appoint counsel for an indigent defendant in civil cases." *Holt v. Ford*, 862 F.2d 850, 853 (11th Cir. 1989). When deciding to appoint counsel, the court must consider the legal and factual complexity of the plaintiff's case. *Id.* Generally, no right to counsel exists in § 1983 actions; appointment of counsel is a privilege justified only by "exceptional circumstances." *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985). No exceptional circumstances justifying appointment of counsel are found in this action. Accordingly, Plaintiff's Motion for Appointment of Counsel is **DENIED**.

## III. Preliminary Review of Plaintiff's Complaint

### A. Standard for Preliminary Review

Plaintiff's Complaint is before this court for initial screening pursuant to the provisions of the Prisoner Litigation Reform Act ("PLRA"). As codified at 28 U.S.C. § 1915A, the PLRA provides:

> (a) Screening.– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
>
> (b) Grounds for Dismissal. – On review, the court shall identify cognizable

claims or dismiss the complaint, or any portion of the complaint, if the complaint –

> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

"A complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show [that] the plaintiff is not entitled to relief." *Jones v. Bock*, 549 U.S. 199, 215 (2007).

### B. Plaintiff's Complaint Should be Dismissed

Plaintiff brings this action pursuant to 42 U.S.C. § 1983. Section 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

Thus, in order to state a viable § 1983 claim, a plaintiff must allege that: (1) he was deprived of a right, privilege, or immunity secured by the Federal Constitution or laws of the United States; and (2) the deprivation was caused by a person while acting under color of state law. *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155-57 (1978).

Even liberally construing Plaintiff's *pro se* Complaint, Plaintiff has failed to state a claim under 42 U.S.C. § 1983. Specifically, Plaintiff has failed to allege a deprivation of a federal or state right and has failed to allege that that deprivation was caused by a person

4

acting under color of state law.  Plaintiff's action should consequently be dismissed.[1]

## CONCLUSION

WHEREFORE, IT IS HEREBY **RECOMMENDED** that the current Complaint be **DISMISSED** under 28 U.S.C. § 1915A for Plaintiff's failure to state a claim upon which relief may be granted.  Pursuant to 28 U.S.C. § 636(b)(1), Plaintiff may file objections to this Recommendation in writing with the UNITED STATES DISTRICT COURT within FOURTEEN (14) DAYS after being served with a copy hereof.

**SO RECOMMENDED**, this 25th day of January, 2011

S/ Stephen Hyles
UNITED STATES MAGISTRATE JUDGE

---

[1] Plaintiff's Complaint would be more properly styled as an action for habeas relief under 28 U.S.C. § 2241.  *See, e.g., Price v. McNeil*, 340 F. App'x 581, 583 (11th Cir. 2009) ("It is well-settled that a prisoner in custody is barred from challenging the lawfulness of his conviction or confinement in a suit for damages under § 1983 if . . . his [confinement] has not already been . . . called into question by a federal court's issuance of a writ of habeas corpus.") (internal quotation marks and citation omitted).  However, even if the Court were to construe this as a petition for a writ of habeas corpus, the Plaintiff has failed to name a legal custodian against whom such writ could issue, and this action would be subject to dismissal.  *See Rumsfeld v. Padilla*, 542 U.S. 426, 447 (2004) ("Whenever a § 2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should name his [immediate custodian] as respondent and file the petition in the district of confinement.").